UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RAYDARO VASHAWN PAULK, SR.,

      Plaintiff,

  v.                                                21-CV-622-LJV
                                                   ORDER

MICHAEL P. KEARNS, *Erie County
Clerk*, *et al.*,

      Defendants.
_____

      The *pro se* plaintiff, Raydaro Vashawn Paulk, Sr., has filed a complaint asserting claims under 42 U.S.C. § 1983. Docket Item 1. He also has moved to proceed *in forma pauperis* (that is, as a person who should have the prepayment of the ordinary filing fee waived because he cannot afford it) and has filed the required affidavit. Docket Item 2.

      Because Paulk meets the statutory requirements of 28 U.S.C. § 1915(a), Docket Item 2, the Court grants his motion to proceed *in forma pauperis*. Therefore, under 28 U.S.C. § 1915(e)(2), the Court screens the complaint. For the reasons that follow, Paulk's state-law claims are dismissed under section 1915(e)(2), and any remaining claims will be dismissed under that same section unless he files an amended complaint within 45 days of the date of this order.

## DISCUSSION

      Section 1915(e)(2) "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The court shall dismiss a complaint in a civil action "at any time if the court determines . . . the action

. . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." See 28 U.S.C. § 1915(e)(2). Generally, the court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (citation omitted); *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("A *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." (quoting *Gomez v. USAA Fed. Sav. Bank,* 171 F.3d 794, 795 (2d Cir. 1999))). But leave to amend pleadings may be denied when any amendment would be "futile." *Id.*

## I.     SCREENING THE COMPLAINT

In evaluating the complaint, the court accepts all factual allegations as true and draws all inferences in the plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (alteration in original) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir. 2008) ("[E]ven after *Twombly*, dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted

*pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure, *see Wynder v. McMahon*, 360 F.3d 73, 76 (2d Cir. 2004).

Paulk has sued Michael P. Kearns, Erie County Clerk, and the Honorable M. William Boller, Acting Justice, New York State Supreme Court, Erie County, in connection with their denial of Paulk's application for a firearm license. Docket Item 1. A liberal reading of the complaint tells the following story.

Judge Boller denied Paulk's application for a pistol permit because Paulk "failed to disclose certain background information regarding a prior criminal history"—specifically, two past arrests. *Id.* at 8. But Paulk did not omit that history intentionally. *Id.* at 4. The two arrests that Paulk did not disclose were recorded with an incorrect birthday, so they did not turn up when Paulk sought a background check from the police. *Id.* at 5-6. Paulk asks this Court to "overturn[]" the denial of his application because it was caused by "the court system error." *Id.* at 4.

## II. SECTION 1983 CLAIMS

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To the extent that Paulk alleges the defendants violated New York law in denying him a firearm license, or denied him a license based on an error in the New York court system, that claim is dismissed without leave to amend "because state law claims are not cognizable under [section] 1983." *See Fusco v. County of Nassau*, 492 F. Supp. 3d 71, 80 (E.D.N.Y. 2020).

Moreover, this Court cannot "overturn" the state court's denial: federal courts are not courts of appeal for litigants unhappy with a state court decision. In fact, the *Rooker-Feldman* doctrine precludes federal court jurisdiction over such matters.[1] *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414-15 (1923). Instead, "[a]n aggrieved pistol permit applicant," including Paulk here, "has well-established appellate recourse under [New Yok Civil Practice Law and Rules ('CPLR')] Article 78." *Aron v. Becker*, 48 F. Supp. 3d 347, 370 (N.D.N.Y. Sept. 22, 2014).

> Under CPLR § 7804(e), a respondent judge or justice is required to file a certified copy of the record underlying the determination on the application, with a copy to the petitioner. Since such a proceeding seeks review of a determination by a justice of the [New York] supreme court or a judge of a county court, under CPLR 506(b)(1)[,] it must be brought in the Appellate Division. A licensing officer's decision will not be disturbed unless it is arbitrary and capricious.

*Id.* at 371 (citing *O'Brien v. Keegan*, 87 N.Y.2d 436, 439-40, 663 N.E.2d 316 (1996) (citing N.Y. Penal Law § 400.00)).

---

[1] *Rooker-Feldman* applies when four factors are present: (1) the federal-court plaintiff lost in state court, (2) the plaintiff seeks redress for injuries caused by the state court judgment, (3) the plaintiff seeks federal court review of the state court judgment, and (4) the state court judgment was issued before the federal action was filed. *Hoblock v. Albany Cty Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005).

So Paulk is in the wrong court: if he wants a court to review the denial of his application and to argue that the denial was based on a "court system error," he must do that in state court through Article 78.

Construed liberally, however, the complaint also might raise a claim that the defendants violated Paulk's Second Amendment rights. *See Triestman v. Fed. Bur. of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest). The Second Amendment provides that "[a] well[-]regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In the Second Circuit, courts undertake a two-step inquiry to determine the constitutionality of firearm restrictions: "[f]irst, [courts] consider whether the restriction burdens conduct protected by the Second Amendment. If the challenged restriction does not implicate conduct within the scope of the Second Amendment, [the] analysis ends and the legislation stands. Otherwise, [courts] move to the second step of [the] inquiry, in which [courts] must determine and apply the appropriate level of scrutiny." *New York State Rifle and Pistol Ass'n, Inc. v. Cuomo*, 804 F.3d 242, 254 (2d Cir. 2015).

Because it is not clear whether Paulk simply would like to appeal the denial or whether he intends to bring a Second Amendment claim, the Court grants him an opportunity to amend the complaint and to allege facts supporting a claim that the defendants violated his rights under the Second Amendment.

## **CONCLUSION**

Because Paulk meets the statutory requirements of 28 U.S.C. § 1915(a), the Court grants his request to proceed *in forma pauperis*. Paulk's state-law claims are dismissed under 28 U.S.C. § 1915(e)(2), and his complaint will be dismissed under that same section unless he files an amended complaint **within 45 days of the date of this order** that corrects the deficiencies noted above and otherwise complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Paulk is advised that an amended complaint is intended to ***completely replace*** the prior complaint in the action and thus "renders [any prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)*; see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, any amended complaint must include all allegations against each of the defendants so that the amended complaint stands alone as the only complaint that the defendants must answer in this action.

## **ORDER**

In light of the above, IT IS HEREBY

ORDERED that Paulk's motion to proceed *in forma pauperis*, Docket Item 2, is GRANTED; and it is further

ORDERED that Paulk's state-law claims are dismissed, but Paulk may amend to raise a Second Amendment claim **within 45 days of the date of this order;** and it is further

ORDERED that the Clerk of the Court shall send to Paulk with this order a copy of the original complaint, a blank section 1983 complaint form, and the instructions for preparing an amended complaint;[2] and it is further

ORDERED that if Paulk does not file an amended complaint correcting the deficiencies noted above **within 45 days of the date of this order**, the complaint will be dismissed without further order and the Clerk of the Court shall close the case; and it is further

ORDERED that Paulk shall notify the Court in writing if his address changes. The Court may dismiss the action if Paulk fails to do so.

SO ORDERED.

Dated:     May 18, 2021
           Buffalo, New York

                                         */s/ Lawrence J. Vilardo*
                                         LAWRENCE J. VILARDO
                                         UNITED STATES DISTRICT JUDGE

---

[2] The plaintiff is advised that he may be eligible for help from the Pro Se Assistance Program, a joint project staffed by the University at Buffalo School of Law and the Erie County Bar Association Volunteer Lawyers Project.  The program is currently operating remotely due to the COVID-19 pandemic and can be reached by calling 716-847-0662, ext. 340, and leaving a message.  Additional information is available at https://www.nywd.uscourts.gov/pro-se-assistance-program-0.